IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| KORLEY B. SEARS, | ) | |
| | ) | CASE NO. BK10-40277-TLS |
| Debtor(s). | ) | A12-4034-TLS |
| RHETT R. SEARS; RHETT SEARS | ) | |
| REVOCABLE TRUST; RONALD H. SEARS; | ) | |
| RON H. SEARS TRUST; and DANE R. | ) | |
| SEARS, | ) | |
| | ) | |
| Plaintiffs, | ) | CHAPTER 11 |
| | ) | |
| vs. | ) | |
| | ) | |
| KORLEY B. SEARS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the court on the defendant's motion to dismiss or strike (Fil. No. 7) and objection by the plaintiffs (Fil. No. 8). Jerrold L. Strasheim represents the debtor defendant and Brian J. Koenig and Donald L. Swanson represent the plaintiffs.

The motion is denied.

The plaintiffs, who are creditors in the bankruptcy case, filed this adversary proceeding to deny the debtor a discharge under 11 U.S.C. § 727(a)(2), (a)(4)(A), and/or (a)(4)(B). They allege the debtor, with intent to hinder, delay, or defraud creditors, transferred or concealed certain of his personal property and failed to disclose his interest in said property in his bankruptcy schedules, statement of financial affairs, or disclosure statement. The plaintiffs also allege the debtor filed a false claim in a related bankruptcy case.

The debtor has now moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted, and under Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction. The debtor challenges the court's jurisdiction over the complaint, characterizing the issue of whether the plaintiffs hold enforceable claims against the debtor as a matter pending on appeal, thus depriving this court of jurisdiction. The debtor also argues that no relief can be granted as to the denial of discharge counts because § 727 is inapplicable in a Chapter 11 case such as this. Furthermore, he suggests the issues raised by the plaintiffs are more appropriately raised in the context of confirmation and are premature here. In the alternative, the debtor requests that the complaint's allegations be stricken as insufficient, immaterial, or both.

The plaintiffs resist the motion, pointing out that while their proofs of claim against a related debtor are the subject of an appeal, their proofs of claim in the underlying bankruptcy case have not been objected to, so they may pursue this adversary proceeding in this court. They also explain that confirmation of a liquidating plan – as proposed by both the debtor and the committee of unsecured creditors in this bankruptcy case – "does not discharge a debtor if . . . the debtor would be denied a discharge under section 727(a) of this title if the case were a case under chapter 7 of this title." § 1141(d)(3)(C). Moreover, the plaintiffs assert that, under the Bankruptcy Code and Rules, an objection to discharge is a separate and distinct matter from an objection to confirmation and is subject to different deadlines, so the filing of this adversary complaint was not a premature objection to confirmation.

The Eighth Circuit Court of Appeals has explained how to evaluate a complaint challenged under Rule 12(b)(6) (made applicable in bankruptcy by Fed. R. Bankr. P. 7012(b)):

> At this stage of the litigation, we accept as true all of the factual allegations contained in the complaint, and review the complaint to determine whether its allegations show that the pleader is entitled to relief. *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S .Ct. 1955, 1964–65 (2007); Fed. R. Civ. P. 8(a)(2). The plaintiffs need not provide specific facts in support of their allegations, *Erickson v. Pardus*, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (per curiam), but they must include sufficient factual information to provide the "grounds" on which the claim rests, and to raise a right to relief above a speculative level. *Twombly*, 127 S. Ct. at 1964–65 & n.3. The complaint must "provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind." *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 347 (2005).

*Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008).

Under the standards promulgated by the United States Supreme Court, the allegations in the plaintiffs' complaint are sufficient to withstand the debtor's Rule 12 challenges to the efficacy of the allegations as well as the court's jurisdiction. For the reasons stated in the plaintiffs' objection to the motion, the motion is denied in all respects.

IT IS ORDERED: The debtor defendant's motion to dismiss or strike (Fil. No. 7) is denied.

DATED:  August 13, 2012

BY THE COURT:

 /s/ Thomas L. Saladino  
Chief Judge

Notice given by the Court to:
    *Jerrold L. Strasheim
    Brian J. Koenig / Donald L. Swanson
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.