IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK10-40277-TLS |
| | ) | |
| KORLEY B. SEARS, | ) | CH. 11 |
| | ) | |
|               Debtor. | ) | |
| RHETT R. SEARS, RHETT SEARS | ) | ADV. NO. A12-4034-TLS |
| REVOCABLE TRUST, RONALD H. SEARS, | ) | |
| RON H. SEARS TRUST, and | ) | |
| DANE R. SEARS, | ) | |
| | ) | |
|               Plaintiffs, | ) | |
| | ) | |
|   vs. | ) | |
| | ) | |
| KORLEY B. SEARS, | ) | |
| | ) | |
|               Defendant. | ) | |

## ORDER

This matter is before the court on "Defendant's Motion Concerning Jurisdictional, Constitutional, and Jury Trial Defenses" (Fil. #19), and an objection filed by Plaintiffs Rhett R. Sears, Ronald H. Sears, Dane R. Sears, Ron H. Sears Trust, and Rhett Sears Revocable Trust (Fil. #21). Brian J. Koenig and Donald L. Swanson represent the Plaintiffs, and Jerrold L. Strasheim represents the Defendant.

Unfortunately, Defendant failed to request any relief as part of his motion. The motion was purportedly filed to comply with this court's text order dated November 8, 2012, which was issued regarding the preliminary pretrial statement entered into by the parties, and which ordered, in part "[s]ince Defendant appears to be raising issues as to jurisdiction, constitutional authority and right to a jury trial, Defendant is ordered to file an appropriate motion to address any or all of such claims, with supporting brief, by February 1, 2013." As indicated, Defendant filed the pending motion, but failed to seek any relief with respect to such issues. However, in light of the context in which the motion was filed, this court will assume that Defendant is seeking a dismissal based on the defenses raised. In that regard, this court has previously denied a motion to dismiss filed by Defendant, which concerned many of the same issues as the pending motion. *See* Fil. #10. The ruling and analysis in the Order at Fil. #10 is applicable here.

In paragraph I of the motion, Defendant asserts that Plaintiffs "do not have standing and the bankruptcy court does not have subject matter jurisdiction to convert Korley's Chapter 11 case to a Chapter 7 case or to obtain relief against Korley available in Chapter 7 of the Bankruptcy Code . . . ." The complaint seeks denial of a Chapter 11 discharge; it does not seek to convert the Chapter 11 to a Chapter 7 case. Therefore, Defendant's defense based on conversion is denied.

Defendant also seems to believe that because he is a "farmer," he is immune to any relief available in Chapter 7 of the Bankruptcy Code. However, as Plaintiffs aptly point out in their objection, § 1141(d)(3) of the Bankruptcy Code expressly provides that a Chapter 11 debtor may, under certain circumstances, be denied a discharge in Chapter 11 if the debtor would be denied a discharge under § 727(a) of the Bankruptcy Code. There is no exception to the applicability of 11 U.S.C. § 1141(d)(3) to farmers. Therefore, this defense must be denied.

In paragraph II of Defendant's motion, he asserts that the Eighth Circuit Court of Appeals has exclusive jurisdiction to determine whether Plaintiffs' claims have been discharged. However, Defendant overlooks the fact that the case in front of the Court of Appeals involves a proof of claim filed by Plaintiffs in a different bankruptcy case (the case of AFY, Inc.) and that both the bankruptcy court and the Bankruptcy Appellate Panel had ruled in favor of Plaintiffs on their claim. Further, Defendant has not objected to the claim filed by Plaintiffs in Defendant's underlying bankruptcy case. Accordingly, this defense is overruled.

In paragraph III of the motion, Defendant asserts that this court lacks the constitutional authority to determine fraudulent transfer issues. Through this defense, Defendant mischaracterizes Plaintiffs' complaint. Quite clearly, Plaintiffs' complaint is to deny Defendant a discharge for various reasons set forth in 11 U.S.C. § 727(a). This case does not include a cause of action to recover a fraudulent transfer. The complaint at issue deals with dischargeability, which is clearly within the court's jurisdiction and constitutional authority as a core bankruptcy issue. 28 U.S.C. § 157(b)(2)(J).

In paragraph IV, Defendant asserts that due process requires a trial before an Article III tribunal. In paragraph V, Defendant asserts a right to a jury trial in front of an Article III court. Defendant again seems to be mischaracterizing Plaintiffs' complaint as an action for recovery of a fraudulent transfer. It is not. It is a complaint to deny Defendant a discharge. Actions to determine whether a discharge should be granted are core proceedings. 28 U.S.C. § 157(b)(2)(J). There is no right to a jury trial in such actions because they are equitable in nature. *Am. Express Travel Related Serv. Co., Inc. v. Hashemi (In re Hashemi)*, 104 F.3d 1122, 1124 (9th Cir. 1996) (citing *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989), for Seventh Amendment applicability to legal and equitable actions); *N.I.S. Corp. v. Hallahan (In re Hallahan)*, 936 F.2d 1496, 1502-08 (7th Cir. 1991) (stating "The Seventh Amendment confers no right to a jury trial on a debtor . . . who files voluntarily for bankruptcy and is a defendant in [a non-dischargeability] adversary proceeding."). A dischargeability proceeding is an essentially equitable action, and there is no right to a jury trial pursuant to 28 U.S.C. § 157. A debtor who voluntarily files a petition in bankruptcy waives his or her right to a jury trial on disputes that are vital to the bankruptcy process and the adjustment of the debtor-creditor relationship.

Defendant voluntarily filed his petition in bankruptcy and thereby waived his right to a jury trial on disputes that are vital to the bankruptcy process and the adjustment of the debtor-creditor relationship. Thus, Defendant's due process defense is denied and Defendant's request for a jury trial is denied.

IT IS ORDERED: The defendant's "Motion Concerning Jurisdictional, Constitutional, and Jury Trial Defenses" (Fil. #19) is denied.

DATE:  March 5, 2013.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    Brian J. Koenig/Donald L. Swanson
    *Jerrold L. Strasheim
    United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.