IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| KORLEY B. SEARS, | ) | |
| | ) | CASE NO. BK10-40277-TLS |
| Debtor(s). | ) | A12-4034-TLS |
| RHETT R. SEARS; RHETT SEARS REVOCABLE TRUST; RONALD H. SEARS; RON H. SEARS TRUST; and DANE R. SEARS, | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | CHAPTER 11 |
| | ) | |
| vs. | ) | |
| | ) | |
| KORLEY B. SEARS, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

This matter is before the court on the plaintiffs' motion for summary judgment (Fil. No. 54) and resistance by the defendant (Fil. No. 84). Brian J. Koenig, Kristin Krueger, and Donald L. Swanson represent the plaintiffs. Jerrold L. Strasheim represents the debtor-defendant.

The motion is denied.

The plaintiffs filed this adversary proceeding to deny the debtor a discharge under 11 U.S.C. § 727(a)(2), (a)(4)(A), and/or (a)(4)(B). They allege the debtor, with intent to hinder, delay, or defraud creditors, transferred or concealed certain of his personal property and failed to disclose his interest in said property in his bankruptcy schedules, statement of financial affairs, or disclosure statement. The plaintiffs also allege the debtor filed a false claim in a related bankruptcy case.

In his affidavit in support of his resistance to the plaintiffs' motion for summary judgment, the debtor has raised genuine issues of material fact, particularly with regard to his intent. Questions involving a person's state of mind generally are factual issues and usually are not appropriate for resolution by summary judgment. *Bilandzic v. Fishman (In re Fishman)*, 215 B.R. 733, 735 (Bankr. E.D. Ark. 1997) (citing *McGee v. Hester*, 724 F.2d 89, 91 (8th Cir.1983) ("Summary judgment is notoriously inappropriate for determination of claims in which issues of intent, good faith and other subjective feelings play dominant roles.")). Courts are to take a conservative view of the creditor's evidence because denial of a discharge is a harsh penalty and, accordingly, § 727 is to be strictly construed in favor of the debtor. *Allred v. Vilhauer (In re Vilhauer)*, 458 B.R. 511, 514 (B.A.P. 8th Cir. 2011).

     Because factual issues are clearly in dispute, the summary judgment motion will be denied and the complaint will be scheduled for trial.

     IT IS ORDERED: The plaintiffs' motion for summary judgment (Fil. No. 54) is denied. The Clerk of the Bankruptcy Court shall schedule this matter for a one-half day trial.

     DATED: April 23, 2014.

                                              BY THE COURT:

                                              /s/ Thomas L. Saladino
                                              Chief Judge

Notice given by the Court to:
     *Jerrold L. Strasheim
     Brian J. Koenig
     Kristin Krueger
     Donald L. Swanson
     U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.